IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DRAKE ALLEN MATFIELD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:21-cv-00786-RK |
| MCDONALD'S, KAREN RESINGER, D/B/A MCDONALDS, OWNER; CRES VELARDE, SUPERVISOR; KRIS SIMPSON, REGISTERED AGENT; AND KAREN RESINGER, OWNER; | ) |
| Defendants. | ) |

## ORDER

Plaintiff, proceeding pro se and *in forma pauperis*, filed this employment discrimination action against Defendants McDonald's, Karen Resinger d/b/a Mcdonalds, Karen Resinger, Cres Velarde, and Kris Simpson on November 8, 2021. (Doc. 5.) Defendants Karen Resinger, Cres Velarde, and Kris Simpson filed a motion to dismiss for failure to state a claim on February 8, 2022. (Doc. 16.) The motion is fully briefed. (Docs. 17, 36, 37.) After careful consideration and for the reasons below, Defendants' motion to dismiss (Doc. 16) is **GRANTED** and Defendants Karen Resinger, Cres Velarde, and Kris Simpson are **DISMISSED with prejudice**.

### I. Background

In his employment discrimination complaint, Plaintiff alleges claims of race, color, gender/sex, religion, and disability discrimination under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*) and the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12112 *et seq.*). (Doc. 1 at 4, 5.) Specifically, Plaintiff alleges all defendants failed to accommodate his disability ("issues walking and standing"), placed unequal terms and conditions on his employment, retaliated against him, and that he suffers on-going harassment. (*Id.*) Plaintiff alleges he is discriminated against "due to [defendants'] belief that a single, black male should not be a homeowner." (*Id.* at 6.)

As to Defendants Resinger,[1] Velarde, and Simpson, in particular, Plaintiff alleges:

- He heard Defendant Resinger use a racial epithet (the "n-word").
- "Chris"[2] retaliated against Plaintiff after he "questioned . . . breaks that were deducted from my hours that I did not take."
- Defendant Velarde spoke "incoherent Spanish and English" to avoid speaking with Plaintiff.
- Plaintiff was asked to go home during multiple shifts "because of [high] labor," which Plaintiff believes is an excuse.
- Defendant Velarde "pressure[ed]" Plaintiff "to do the parking lot despite [Plaintiff] having difficulties walking."
- Defendant Velarde questioned Plaintiff about his leg injuries and "demand[ed] I tell him the truth while being accompany[ied] by Terry and James."
- After Plaintiff spoke with Defendant Resinger about Defendant Velarde "sending [threatening] innuendos" at work, "two Mexican[s] in a car pulled up next to me while standing on the bus stop."

(*Id.* at 9-10.) For purposes of the instant employment discrimination action, Plaintiff alleges in his complaint that he was employed at: "Mcdonalds, 6996 Eastwood Trafficway, Kansas City – Jackson County, Missouri 64129." (*Id.* at 4.)

## II. Legal Standard

The federal pleading rules provide that a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may challenge a pleading's legal sufficiency in a motion to dismiss. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the

---

[1] For purposes of this order and for ease of reference, the Court refers to Defendant Karen Resinger individually as "Defendant Resinger." The instant motion to dismiss does not include the separate defendant as set forth in Plaintiff's complaint, Karen Resinger d/b/a Mcdonalds.

[2] As best as the Court can discern, it appears Plaintiff's reference to "Chris" in the body of his complaint refers to Defendant Cres Velarde, whom Plaintiff listed in his complaint as his supervisor. For purposes of this motion, as Defendants did in their motion to dismiss, the Court construes Plaintiff's reference to "Chris" in the body of his complaint as referring to Defendant Cres Velarde.

reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Ark. Dep't. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). While a complaint does not need to include detailed factual allegations, the complaint must allege more than a sheer possibility that a defendant acted unlawfully to survive a motion to dismiss. *Id.* at 371 (citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the non-moving party. *Hafley*, 90 F.3d at 266. Moreover, the Court must "liberally construe[]" Plaintiff's pro se complaint and will not dismiss claims if the allegations in the pro se complaint "provide 'factual enhancement' beyond mere 'labels and conclusions' or 'naked assertion[s].'" *Gerstner v. Sebig, LLC*, 386 F. App'x 573, 575 & 576 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 1949).

### III. Discussion

Defendants Resinger, Velarde, and Simpson argue Plaintiff fails to state a claim against them for employment discrimination under either Title VII or the ADA because neither statutory scheme imposes liability on individuals (as opposed to a plaintiff's employer).

The Eighth Circuit has been clear: Title VII does not impose liability upon individuals, whether a plaintiff's supervisor or co-employee. *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers[.]") (citing *Smith v. St. Benards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994)); *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (recognizing: "Our circuit . . . has squarely held that supervisor may not be held individually liable under Title VII.") (citing *Spencer v. Ripley Cty. State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997)).

Neither does Title I of the ADA (prohibiting employment discrimination, *see* 42 U.S.C. § 12112) impose liability on individuals. *Wynn v. Gragg*, No. 4:20-cv-00837-DGK, 2022 WL 947151, at *2 (W.D. Mo. Mar. 29, 2022) (citing *Dinkins v. Corr. Med. Serv.*, 743 F.3d 633, 634 (8th Cir. 2014)); *see Ewigman v. Tipton*, No. 17-00165-CV-W-ODS, 2017 WL 6030469, at *3 (W.D. Mo. Dec. 5, 2017) (recognizing "this Court and other district courts within the Eighth Circuit have determined the Eighth Circuit would not impose individual liability under Title I of the ADA.") (dismissing Plaintiff's claims against individual defendants in Title I ADA

employment discrimination claim); *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999).

In his complaint, Plaintiff alleges he was employed at "Mcdonalds." Because neither Title VII nor the ADA impose individual liability in the context of employment discrimination actions, Plaintiff's complaint fails to state a plausible claim against Defendants Resinger, Velarde, and Simpson under either statutory scheme. Accordingly, Defendants Resinger, Velarde, and Simpson's motion to dismiss (Doc. 16) is **GRANTED** and they are **DISMISSED with prejudice**.[3]

**IT IS SO ORDERED**.

                                           s/ Roseann A. Ketchmark
                                           ROSEANN A. KETCHMARK, JUDGE
                                           UNITED STATES DISTRICT COURT

DATED: April 6, 2022

---

[3] Plaintiff names as additional defendants in his complaint: "McDonald's" and "Karen Resinger d/b/a Mcdonalds." Neither defendant is a party to the instant motion to dismiss and both remain named defendants this case. This order dismisses only individual defendants Karen Resinger, Cres Velarde, and Kris Simpson.